# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MASSACHUSETTS CORRECTION OFFICERS FEDERATED UNION, MICHAEL MOSHER, ZAC GUSTAFSON, DENINA DUNN AND ANGELA PUCCI, Plaintiffs,<br><br>v.<br><br>CHARLES D. BAKER, In his Official Capacity as Governor of the Commonwealth of Massachusetts, and CAROL A. MICI, in her Individual Capacity as Commissioner of the Massachusetts Department of Correction, Defendants. | **Civil Action**<br>**NO. 21-11599-TSH** |

## MEMORANDUM OF DECISION AND ORDER
## ON DEFENDANTS' MOTION TO DISMISS
### September 19, 2022

**HILLMAN, S.J.**

### Introduction

The Massachusetts Correction Officers Federated Union ("MCOFU") and four individual members of the MCOFU, Michael Mosher, Zac Gustafson, Denina Dunn and Angela Pucci (collectively, "Plaintiffs") have filed this lawsuit against Governor Charles D. Baker and Massachusetts Department of Correction Commissioner Carol A. Mici ("Defendants") alleging violations of the Contracts Clause of the United States Constitution (Count I), violations of their Fourteenth Amendment rights in connection with the Commonwealth requiring that employees

be fully vaccinated to continue employment (Counts II and III) and that the vaccine requirement is an ultra vires act under the Massachusetts Declaration of Rights (Count IV). In October 2021, Plaintiffs moved for a preliminary injunction to prevent Defendants from enforcing COVID-19 vaccine requirements, which was denied by this Court. Defendants now move to dismiss all counts for failure to state a claim under 12(b)(6). For the reasons discussed herein, Defendants' motion to dismiss is **granted**.

## Background

The factual background is drawn from the Plaintiffs' amended complaint, documents incorporated by reference, and from official public records that are subject to judicial notice under Federal Rule of Evidence 201, including the Rule challenged by the Plaintiffs and the related statute and its legislative history.  *See Newton Covenant Church v. Great Am. Ins.*, 956 F.3d 32, 35 (1st Cir. 2020); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). Plaintiff Massachusetts Correction Officers Federated Union ("MCOFU") is the exclusive collective bargaining agent for correction officers ("COs") employed by the Commonwealth's Department of Correction ("DOC") under the statute governing unfair labor practices in the public employment setting, Mass. G.L. c. 150E.  Complaint, Docket 1, ¶¶ 1, 3.  MCOFU has approximately 4,000 members. *Id.* at ¶ 4.  Plaintiffs Michael Mosher, Zac Gustafson, Denina Dunn, and Angela Pucci (collectively, the "Individual Plaintiffs") are COs employed by the DOC and members of MCOFU.  *Id.* at ¶¶ 3-7.

On August 19, 2021, the Governor issued Executive Order 595 (the "Executive Order" or "EO 595"), which required MCOFU members to demonstrate they have been vaccinated against COVID-19 by October 17, 2021, unless they obtain an exemption, or risk losing their jobs.[1] *Id.* at ¶¶ 1, 22 & Attachment ("Att.") 2.  The Executive Order applies not only to COs, but to all employees of the Commonwealth's executive department.  *Id.* at ¶ 22 & Att. 2, § 1.  It required

2

the Human Resources Division ("HRD") of the Commonwealth's Executive Office of Administration & Finance to establish a procedure for exempting executive department employees who are "unable to receive COVID-19 vaccination due to medical disability" or "unwilling to receive COVID-19 vaccination due to a sincerely held religious belief." *Id.* at Att. 2, § 2.  As of the date the instant action was commenced, the Individual Plaintiffs wished to decline vaccination while continuing their employment.[2]  Complaint at ¶ 1.  Commissioner Mici is obligated to enforce the terms of EO 595 with respect to DOC employees.[3]  *Id.* at ¶ 24.

The Commonwealth and MCOFU are parties to a Collective Bargaining Agreement ("CBA"), a copy of which is attached to the Complaint. The CBA expired on June 30, 2021, but its terms have remained in effect pursuant to an "evergreen" clause.  *Id.* at ¶ 9 & Att.2, p. 81, Art. 34 Complaint at Att. 2. The CBA includes provisions based on employee seniority, and a requirement that the employment of MCOFU members may not be terminated without cause. *Id.* at ¶¶ 11-12.  The CBA also affords covered employees certain process in the event of adverse employment consequences.  *Id.* at ¶¶ 13, 15.  The Individual Plaintiffs are also "tenured employees" within the meaning of the Commonwealth's civil service law, Mass. G. L. c. 31, and, thus, possess a statutory right to certain process before the Commonwealth's Civil Service Commission in the event their employment is terminated without cause.  *Id.* at ¶ 16.

On September 14, 2021, MCOFU filed a prohibited practices charge with the Commonwealth's Department of Labor Relations ("DLR"), claiming that the Commonwealth is obligated to bargain over both the decision to implement a vaccination mandate and the mandate's impacts on MCOFU's members. *Id*. at ¶ 12, Ex. E. The Commonwealth declined to bargain over that decision but offered to bargain over its impacts.  *Id.* at 25 & Atts. 3 & 4.  On September 14, 2021, MCOFU filed an unfair labor practice charge with the Commonwealth's

3

Department of Labor Relations ("DLR"), in which it claimed the Commonwealth had violated its obligation to bargain over the decision to issue EO 595. *See* Complaint of Prohibited Practice and Partial Dismissal ("Complaint and Dismissal"), dated November 3, 2021.

In September 2021, Plaintiffs filed the instant action seeking: (1) a declaration that EO 595 is unconstitutional, and (2) an injunction against its enforcement. Complaint at 18-19. The Complaint sets forth four legal theories. First, Plaintiffs claim EO 595 violates the Contracts Clause of the U.S. Constitution (Count 1). Complaint at ¶¶ 32-46. Second, Plaintiffs claim EO 595 violates substantive due process because it impacts MCOFU members' liberty interest in refusing unwanted medical treatment but is not narrowly tailored to address a compelling state interest (Count 2). *Id.* at ¶¶ 47-52. Third, Plaintiffs claim EO 595 improperly infringes on the property rights of MCOFU's members, also in violation of substantive due process (Count 3). *Id.* at ¶¶ 53-58. Fourth, Plaintiffs claim EO 595 was not authorized by the Massachusetts Constitution (Count 4). *Id.* at ¶¶ 59-61. With their Complaint, Plaintiffs filed a Motion for Preliminary Injunction and Statement of Reasons in Support ("PI Motion"), Docket No. 2. This Court held oral argument on the PI Motion on October 14, 2021 and issued a 16-page decision denying that motion on October 15, 2021. *See* Mem. of Decision and Order, Docket 28 ("PI Decision").

On November 3, 2021, the DLR's Complaint and Dismissal issued. Through that document, a DLR investigator partially dismissed MCOFU's prohibited practice charge on the ground that the Commonwealth was not required to bargain over the decision to require COs to obtain vaccination against COVID-19.

## **Standard of Review**

In evaluating a Rule 12(b)(6) motion to dismiss, the Court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff[], the complaint states a claim for which relief can be granted." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. When determining whether a counterclaim satisfies that standard, a court must assume the truth of all well-pleaded facts and give the counterclaim plaintiff the benefit of all reasonable inferences. *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (*citing Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). Dismissal is appropriate if the counterclaim fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (*quoting Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

The law of the case doctrine "precludes re-litigation of the legal issues presented in successive stages of a single case once those issues have been decided." Cohen v. Brown Univ., 101 F.3d 155, 167 (1st Cir.1996). "For a bar to exist, an issue must have been 'actually considered and decided by the appellate court' or ... be 'necessarily inferred from the disposition on appeal.' " *Field v. Mans*, 157 F.3d 35, 40 (1st Cir.1998) *(citing Commercial Union Ins. Co. v.*

*Walbrook Ins. Co., Ltd*., 41 F.3d 764 (1st Cir.1994)). While the Court's rulings of law on a preliminary injunction are not normally considered law of the case, "[t]o the extent that the record compiled at the preliminary injunction stage was "sufficiently developed and the facts necessary to shape the proper legal matrix were sufficiently clear, and [if] nothing in the record subsequently developed at trial constitutes substantially different evidence that might undermine the validity of the prior panel's rulings of law," those rulings may be deemed the law of the case.. *See Wine & Spirits Retailers, Inc. v. Rhode Island*, 481 F.3d 1, 4–5 (1st Cir. 2007) (citation and internal quotation marks omitted).

*Contracts Clause – Count I*

In Count I, Plaintiffs allege that EO 595 violates the Contracts Clause because it substantially impairs rights contained in the collective bargaining agreement between the Plaintiff MCOFU and the Commonwealth without any constitutionally significant offsetting public benefit. Defendants argues that because MCOFU is currently pursing similar claims at the DLR, and therefore its remedy under the CBA and state law remains intact, it cannot proceed with those same claims in this forum. The Court agrees with the Commonwealth.

Under the Contract Clause of the United States Constitution, "No state shall ... pass any ... Law impairing the Obligation of Contracts ...." U.S. Const. art. I., § 10, cl. 1. *See Redondo Constr. Corp. v. Izquierdo*, 662 F.3d 42, 48 n.3 (1st Cir. 2011). The clause does not bar a state from merely breaching a contract, which is the prerogative of any private party, subject to liability for the breach. *Id*. at 48. To establish a Contracts Clause claim, Plaintiffs must show more than a breach of the CBA; it must show that the Commonwealth has somehow impaired its ability to obtain a remedy for a demonstrated breach. *See Id*. at 48, citing *Crosby v. City of Gastonia,* 635 F.3d 634, 640 (4th Cir.2011) (explaining that the Contracts Clause "provides no

basis to complain of an alleged impairment in the first instance," but supports a claim "where a state ... has foreclosed the imposition of an adequate remedy for an established impairment").

As this Court determined in its prior ruling in this case, a remedy remains available to MCOFU and is currently being pursued, pursuant to the CBA with the DLR, that precludes Plaintiffs from seeking to vindicate those same rights in this Court. *See* Memorandum and Order, Docket No. 28, p. 9. Even if the Court determined that Plaintiffs' claim was subject to the Contract Clause, it could not establish a likelihood of success under the standard set forth in *Sveen v. Melin*. 138 S.Ct. 1815 (2018). Whether a state law "substantially impairs" a contract is answered by reference to three factors, whether the regulation "undermines the contractual bargain," whether it "interferes with a party's reasonable expectations," and whether it "prevents the party from safeguarding or reinstating his rights." *Sveen*, 138 S. Ct. at 182; *see* Memorandum and Order, p. 9-10. Applying these factors, MCOFU has not plausibly shown that EO 595 undermines its bargaining agreement.

*Substantive Due Process Claims - Count II and III*

The Fourteenth Amendment protects a person's substantive rights in life, liberty, and property without due process of law. U.S. Const. amend. XIV §. That prohibition applies fully to a state's political subdivisions, including municipalities and municipal agencies. *Home Tel. & Tel. Co. v. City of Los Angeles*, 227 U.S. 278, 286–87, 33 S.Ct. 312 (1913). The touchstone of this due process guarantee is the "protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963 (1974). Substantive due process provides "heightened protection against government interference" with "those fundamental rights which are deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702, 719-20, 117 S.Ct. 2258 (1997).

7

The criteria for identifying whether government action offends the guarantee of substantive due process hinge on the nature of the challenged government action. *See County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8, 118 S.Ct. 1708 (1998); *DePoutot v. Raffaelly*, 424 F.3d 112, 118 (1st Cir.2005). When challenging executive action under a substantive due process analysis, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis*, 523 U.S. at 847 n.8. This holding reflects a realization that challenges to executive action must be viewed through the prism of "a particular need to preserve the constitutional proportions of constitutional claims, lest the Constitution be demoted to what we have called a font of tort law." *Id*.

The Supreme Court has rejected the idea of a fundamental right to refuse vaccination in *Jacobson v. Massachusetts*, 197 U.S. 11, 26–27, 25 S.Ct. 358, 361 (1905), which this Court relied on in its order denying Plaintiffs' preliminary injunction. *Jacobson* has since been favorably cited numerous times in similar vaccine mandate cases. Under *Jacobson* it has long been "settled that it is within the police power of a state to provide for compulsory vaccination," *Zucht v. King*, 260 U.S. 174, 176 (1922).

As they did at the preliminary injunction stage, Plaintiffs argue that EO 595 deserves heightened scrutiny because MCOFU's members' fundamental rights are at stake, specifically a liberty interest to decline medical treatment and a property interest in continued employment. As this Court ruled at that stage, *Jacobson* and recent cases show that declining a vaccine does not give rise to a fundamental right and rational basis scrutiny will apply. *See Jacobson*; *Klaassen v. Trustees of Indiana Univ.*, 7 F.4th 592, 593 (7th Cir. 2021); *Harris v. Univ. of Massachusetts, Lowell, 557 F.Supp.3d 304, 313-314 (D.Mass. 2021)*; *Maniscalco v. New York City Dep't of*

*Educ.*, 2021 EL 4344267, *3 (E.D.N.Y. Sept. 23,2021). EO 595 is rationally related to the legitimate government interest in stemming the spread of COVD-19, *Roman Cath. Diocese*, 141 S. Ct. at 67, and the vaccines are a safe and effective way to prevent the spread of COVID-19. It is also, "unquestionably a compelling interest." *Id*.

*Count IV*

Count IV alleges that issuing EO 595 exceeded the Governor's authority under the Massachusetts Constitution. Such claims against the Commonwealth of Massachusetts are barred by the Eleventh Amendment. *See O'Brien v. Mass. Bay Transp. Auth*., 162 F.3d 40, 44 (1st Cir. 1998) ("[i]t is not the proper purview of a federal court to supervise state officials' compliance with state law"); *Tolman v. Finneran*, 171 F.Supp.2d 31, 38 (D.Mass. 2001) (claims brought under Massachusetts Constitution and Declaration of Rights barred by Eleventh Amendment). Because Count IV is barred by the Eleventh Amendment, dismissal is appropriate.

## Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss (Docket No. 33) is ***granted***.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**SENIOR DISTRICT JUDGE**